IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E. CHILDS,

        Plaintiff,                    No. 2:13-cv-0670 EFB P

        vs.

STATE OF CALIFORNIA, et al.,

                                  ORDER

        Defendants.

_____/

        Plaintiff is a prisoner confined to the Richard J. Donovan Correctional Facility.  He is proceeding pro se and it appears that he is attempting to commence a civil action under 42 U.S.C. § 1983.  Although he has not filed a complaint and has no action currently pending, on April 5, 2013 plaintiff filed a motion for a temporary restraining order.  Dckt. No. 1.  A complaint is necessary for the commencement of a civil action and without a pending civil action there is no basis for granting a temporary restraining order.

        Plaintiff also has not paid the filing fee nor has he sought leave to proceed *in forma pauperis*.  To proceed with a civil action, a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a).  Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to

1

filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." In order to proceed, plaintiff must, in addition to submitting a complain, either pay the filing fee or comply with the *in forma pauperis* statute.

If plaintiff submits a complaint it must contain a short and plain statement of plaintiff's claim showing that he is entitled to relief. Fed. R. Civ. P. 3; Fed. R. Civ. P. 8. A complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A complaint must identify as a defendant only persons who personally participated in a substantial way in depriving the plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). A complaint must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff may draft his claims on the form complaint used by this court.

Until plaintiff submits a complaint and either pays the filing fee or meets the requirements of 28 U.S.C. § 1915(a), there simply is no case before the court.

Accordingly, it hereby is ORDERED that:

1. The Clerk of the Court shall send to plaintiff the form complaint and application for leave to proceed in forma pauperis used in this court.

////

2.  Within 30 days of the date of this order, plaintiff shall either pay the $350 filing fee or submit a complete application for leave to proceed in forma pauperis.

3.  Within 30 days of the date of this order, plaintiff shall submit a complaint stating the nature of the action and his belief that he is entitled to redress.  Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  April 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3