UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. CHILDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-670-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

On October 8, 2013, the court dismissed plaintiff's complaint for failure to state a claim.  ECF No. 10.  The dismissal order explained the complaint's deficiencies, gave plaintiff 30 days to file an amended complaint correcting those deficiencies, and warned plaintiff that failure to file an amended complaint would result in this action being dismissed for failure to state a claim.  The 30-day period expired and plaintiff did not file an amended complaint.  Accordingly, the court dismissed this action failure to state a claim and for failure to prosecute.  ECF No. 13.

On the same day, however, plaintiff filed a request for counsel and an amended complaint.  ECF Nos. 15, 16.  In light of these filings, the order of dismissal will be vacated.

1

1    District courts lack authority to require counsel to represent indigent prisoners in section
2  1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional
3  circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See*
4  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*
5  *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional
6  circumstances" exist, the court must consider the likelihood of success on the merits as well as the
7  ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues
8  involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors,
9  the court finds there are no exceptional circumstances in this case.

   Therefore, IT IS HEREBY ORDERED that:

   1. The order dismissing this action (ECF No. 13) is vacated and the Clerk of the Court is directed to re-open the case.

   2. Plaintiff's request for counsel (ECF No. 15) is denied.

   3. The court will screen the amended complaint (ECF No. 16) pursuant to 28 U.S.C. § 1915A in due course.

Dated: November 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2