UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. CHILDS, | No. 2:13-cv-670-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983, moves for a preliminary injunction. ECF Nos. 18, 23. He requests that the court: (1) provide him access to his medical appliances (including contact lenses, Vans shoes, soft shoes, vision vest, bottom bunk, sunglasses, and pain medications); (2) provide him access to his legal materials and to the library; (3) protect him from the harassment and retaliation that has ensued since his filing of this action; and (4) release him from the "hole" to the yard. For the reasons that follow, the request should be denied.

Plaintiff alleges in his complaint that defendants Ramirez, Dichoso, Imhoff, Navahandi, Tapiz, Jones, and Brown left him handcuffed in his cell for 24 hours because of his participation in a hunger strike, and that defendant Nelson subsequently denied his requests for medical care despite his "obvious" need for medical attention. *See* ECF Nos. 16, 19. His motions for a preliminary injunction do not involve any of these defendants or address these Eighth Amendment claims.

1

1    A preliminary injunction will not issue unless necessary to prevent threatened injury that
2  would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc.*
3  *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
4  F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching
5  power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*,
6  326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party
7  must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable
8  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
9  injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
10 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has
11 also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing
12 the elements of the preliminary injunction test, so that a stronger showing of one element may
13 offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild*
14 *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions
15 going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support
16 issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*
17 In cases brought by prisoners involving conditions of confinement, any preliminary injunction
18 "must be narrowly drawn, extend no further than necessary to correct the harm the court finds
19 requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18
20 U.S.C. § 3626(a)(2).
21    Plaintiff fails to meet that standard. His motions address conduct that is not a subject of
22 this civil action and thus, do not demonstrate either a likelihood of success or a serious question
23 going to the merits of his complaint. Apart from plaintiff's unsupported allegations, plaintiff
24 presents no evidence establishing that he is likely to prevail on his Eighth Amendment claims, or
25 that the injunction sought is necessary to preserve the court's ability to grant effective relief on
26 those claims and that it is the least intrusive means for doing so. Nor has plaintiff shown he will
27 suffer irreparable harm in the absence of the requested relief. While plaintiff claims to be
28 exposed to "unsafe and extremely harsh conditions" and that his "health is in danger" without his

medical appliances, he provides no evidence to substantiate or further clarify these vague and conclusory allegations. Further, those complaints are unrelated to the merits of this action and are properly the subject of another lawsuit and cannot be adjudicated in this action, where they cannot be properly exhausted through the administrative appeals process. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011). To challenge the alleged misconduct of non-defendants, as described in the motions for a preliminary injunction, plaintiff must follow the proper prison administrative channels and, if he does not obtain relief there, file a separate civil rights action.

For these reasons, plaintiff's motions for preliminary injunctive relief must be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's motions for a preliminary injunction (ECF Nos. 18, 23) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE