1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    E. CHILDS,                                No.  2:13-cv-670-TLN-EFB P

11                  Plaintiff,

12           v.                                 ORDER

13    STATE OF CALIFORNIA, et al.,

14                  Defendants.

15

16            A discovery and scheduling order was issued in this case on June 24, 2014.  That order

17    required that all requests for written discovery be served on or before August 8, 2014.  ECF No.

18    35.  Plaintiff requested that the August 8th deadline be extended by 30 days, apparently on the

19    grounds that he was in administrative segregation and did not have access to his legal property.[1]

20    ECF No. 38.  Defendants opposed that request.  ECF Nos. 39, 40.

21            In a filing received by the court on August 14, 2014, but accompanied by a proof of

22    service dated August 6, 2014, plaintiff filed what he captions as "Plaintiff Request for Discovery

23    Motion," but which is actually a request to the defendants for production of documents and not a

24    motion.  ECF No. 43; *see also* ECF No. 44.  It appears from that document that plaintiff

25    succeeded in timely preparing his discovery request despite the circumstances that prompted his

26    request to extend the August 8th deadline.  However, he misdirected his request and sent it to the

27    _____

28    [1] Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.
      § 1983.

                                              1

1   court rather than the defendants.  Further, for reasons apparently beyond his control, the

2   placement of his request in the mail for delivery was delayed by several days.[2]  *See* ECF No. 44

3   (explaining that correctional officers determine when documents are actually placed in the

4   outgoing mail).

5          In light of plaintiff's timely preparation and delivery to prison officials of his request for

6   production of documents, he has made good faith efforts to comply with the deadline.

7   Accordingly, the request is granted in part and plaintiff's request for production of documents

8   (ECF No. 43) is deemed timely served on defendants.[3]  Defendants shall respond to the request

9   within thirty days.  Fed. R. Civ. P. 34(b)(2)(A).

10         The Clerk of the Court shall terminate docket numbers 38 and 43.

11         So ordered.

12  DATED:  October 9, 2014.

13                                              EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24         [2] Discovery documents must be served on the proper party rather than filed them with the
    court.  Pursuant to this court's local rules, interrogatories, requests for production, requests for
25  admission, and responses thereto "shall not be filed with the clerk" unless there is a proceeding
    that puts the discovery request or response at issue.  *See* E.D. Cal. Local Rules 250.2-250.4.
26

27         [3] Defendants contend that plaintiff's discovery request suffers from numerous deficiencies
    and violates the Federal Rules of Civil Procedure.  ECF No. 45.  Defendants may properly assert
28  those arguments in their objections and/or responses to the requests.