UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL CHILDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-670-TLN-EFB P<br><br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This order addresses five motions pending before the court. *See* ECF Nos. 56, 58, 59, 60, and 62.

**I. MOTIONS TO COMPEL**

Plaintiff has filed two motions to compel defendants to respond to his discovery requests. ECF Nos. 56, 58. In response, defendants admit error, apologize, and explain: "Upon receiving Plaintiff's Motion, Defendants' counsel reviewed the proofs of service for Defendants' discovery responses and learned that they were apparently sent to an R.J. Donovan Correctional Facility post office box, instead of to the institution's street address." ECF No. 57 at 1. Defendants stated that they served plaintiff with their discovery responses soon after receiving plaintiff's motion and identifying their error. *Id.* at 2.

/////

1

1  Defendants' representation to the court that they have served plaintiff with their discovery
2  responses moots plaintiff's motions to compel those discovery responses.  Accordingly, the court
3  will deny plaintiff's motions to compel.  If plaintiff contends that defendants have not in fact
4  served the responses or if plaintiff believes the responses do not comply with the discovery rules,
5  he may file another motion to compel.

**II.  MOTION TO MODIFY THE SCHEDULING ORDER**

Plaintiff's first motion to compel requested that the court set new dates "in the case and for trial."  ECF No. 56 at 1.  Plaintiff subsequently filed a separate motion that elaborates on his request to modify the scheduling order and specifically asks for additional time (1) to conduct discovery and to file motions to compel discovery, (2) to file dispositive motions, and (3) "to request a settlement."  ECF No. 62 at 1, 3.  Defendants do not oppose an extension of the time for the filing of dispositive motions,[1] but do oppose any other modification of the scheduling order.  ECF No. 57 at 2; ECF No. 66 at 1-3.

**A.  Time to File Dispositive Motions and "To Request a Settlement"**

Because defendants do not oppose the request, the court will modify the scheduling order and extend the deadline to file dispositive motions.  However, plaintiff's motion is denied to the extent it seeks to modify the scheduling order to extend the time "to request a settlement," as the scheduling order does not place any time restriction on such requests.  *See* ECF No. 35; *see also* ECF No. 66 at 3 ("Although Defendants maintain that Plaintiff's allegations are entirely false, they would not oppose a settlement conference once the dispositive motions are resolved.").

**B.  Time to Conduct Discovery and to File Motions to Compel Discovery**

The scheduling order stated:  "The parties may conduct discovery until October 17, 2014. Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery

/////

/////

---

[1] In fact, defendants have filed a motion seeking an extension of time to file a motion for summary judgment.  *See* ECF No. 60.

1  pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than August 8, 2014." ECF
2  No. 35 at 4.[2]  Defendants oppose plaintiff's motion to modify those deadlines. ECF No. 66 at 2.
3       A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P.
4  16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline
5  despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
6  Cir. 1992).
7       Plaintiff alleges that because he did not receive defendants' discovery responses until
8  early January 2015, he has not had a sufficient amount of time to determine if he needs to file
9  additional discovery requests or motions to compel. ECF No. 62 at 1-2. Good cause appearing,
10 the court will modify the scheduling order to provide additional time for the parties to conduct
11 discovery, file motions to compel, and file requests for discovery pursuant to Federal Rules of
12 Civil Procedure[3] 31, 33, 34, or 36. *See also Calloway v. Veal*, 571 F. App'x 626, 627 (9th Cir.
13 2014) (reversing grant of summary judgment for defendants because plaintiff did not have "an
14 appropriate opportunity to conduct discovery," where "[t]he magistrate judge's scheduling order
15 gave the parties a mere three-and-a-half months from the filing of the answer to complete
16 discovery, and an additional two-and-a-half months to file dispositive motions.").

17 **III. MOTION FOR INVESTIGATOR FEES**

18      Also pending before the court is plaintiff's motion for investigator fees. ECF No. 59. "A
19 court may only authorize the use of public funds for indigent litigants when authorized by
20 Congress. The in forma pauperis statute does not authorize federal courts to spend public funds
21 on investigators." *Rogers v. Giurbino*, 288 F.R.D. 469, 489 (S.D. Cal. 2012) (citations omitted).
22 Because the in forma pauperis statute does not provide for such an expense, *see* 28 U.S.C.
23 § 1915(c), plaintiff's motion for investigator fees is denied.
24 /////

---

25    [2] The court subsequently granted defendants' motion for an extension of time to serve
26 their discovery responses. *See* ECF No. 55 (allowing defendants to serve their responses as late as December 15, 2014).
27
28    [3] All subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

**IV. MOTION FOR THE APPOINTMENT OF COUNSEL**

Plaintiff again requests that the court appoint counsel. ECF No. 62; *see also* ECF Nos. 15 (requesting the appointment of counsel) and 17 (denying the appointment of counsel). District courts lack authority to require counsel to represent indigent prisoners in §1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**V. ORDER**

Accordingly, it is hereby ordered that:

1. Plaintiff's motions to compel discovery (ECF Nos. 56, 58) are denied as moot.
2. Plaintiff's request to modify the scheduling order (ECF No. 62) is granted in part and denied in part. The discovery and scheduling order is modified as follows:
    a. The parties may conduct discovery until July 13, 2015. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than April 15, 2015.
    b. Dispositive motions shall be filed on or before October 13, 2015. Motions shall be briefed in accordance with paragraph 8 of the order filed February 21, 2014.
    c. All other dates identified in the scheduling order (ECF No. 35) shall remain in effect.
3. Because this order modifies the discovery and scheduling order to provide additional time for both plaintiff and defendants to file dispositive motions,

4

1 | defendants' motion for an extension of time to file a motion for summary
2 | judgment (ECF No. 60) is denied as moot.
3 | 4. Plaintiff's motion for investigator fees (ECF No. 59) is denied.
4 | 5. Plaintiff's motion for the appointment of counsel (ECF No. 62) is denied.
5 | DATED: February 12, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE