1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   E. CHILDS,                                    No.  2:13-cv-670-TLN-EFB P

11                   Plaintiff,

12          v.                                      ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
13   STATE OF CALIFORNIA, et al.,

14                   Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  He has filed a motion to amend the complaint and a motion requesting "a temporary

18   injunction hold on plaintiff for (120) days."  ECF Nos. 63, 73.  As discussed below, both motions

19   must be denied.

20      **I.      Motion to Amend (ECF No. 63)**

21          The deadline for filing motions to amend under the court's discovery and scheduling order

22   was October 17, 2014.  ECF No. 35.  Plaintiff filed his motion to amend on January 20, 2015,

23   three months after the deadline had passed.   A scheduling order may be modified upon a showing

24   of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he

25   cannot meet the deadline despite exercising due diligence.  *Johnson v. Mammoth Recreations,*

26   *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

27          Notwithstanding the tardiness of his motion, plaintiff does not seek to modify the

28   scheduling order, and there is no good cause basis for doing so.  Plaintiff seeks to add six

                                                   1

1    defendants, purportedly discovered through "new evidence and documents."  ECF No. 63.  But

2    plaintiff actually named two of the six proposed defendants – Roxas and Charles – in the May 10,

3    2013 complaint, which the court dismissed with leave to amend.  ECF No. 5 at 2; ECF No. 10.

4    Apart from his conclusory reference to "new" evidence, plaintiff fails to provide any explanation

5    for his failure to seek amendment to add the six defendants in a timely manner.  Because he fails

6    to demonstrate good cause to amend, his motion must be denied.

7            Plaintiff's motion is also procedurally defective in that it is not accompanied by a

8    proposed amended complaint.  Twice now, the court has informed plaintiff that any motion to

9    amend "must be accompanied by a proposed amended complaint that is rewritten or retyped so

10   that it is complete in itself without reference to any earlier filed complaint."  *See* ECF No. 35 at 4

11   n.1 (citing E.D. Cal. Local Rule 220); ECF No. 41.  Plaintiff's motion fails to comply with this

12   requirement.

13      **II.      Motion for Injunctive Relief (ECF No. 73)**

14           Plaintiff also requests a court order preventing him from being transferred to another

15   prison.  He fears that a transfer will impair his access to legal resources, thereby jeopardizing his

16   ability to comply with the discovery deadlines established by the court.

17           A preliminary injunction will not issue unless necessary to prevent threatened injury that

18   would impair the courts ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

19   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

20   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

21   power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,

22   326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party

23   must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable

24   harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

25   injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

26   2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has

27   also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing

28   the elements of the preliminary injunction test, so that a stronger showing of one element may

2

1  offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild*

2  *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions

3  going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support

4  issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

5  In cases brought by prisoners involving conditions of confinement, any preliminary injunction

6  "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

7  requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18

8  U.S.C. § 3626(a)(2).

9          Plaintiff fails to allege that he will suffer irreparable harm absent an injunctive order from

10  the court preventing CDCR from transferring him to another institution. He asserts, without any

11  evidentiary support, that he is going to be transferred to another prison in the very near future.

12  Defendants, however, submit evidence showing that due to a medical hold that was recently

13  extended to September 1, 2015, plaintiff cannot be transferred at this time. ECF No. 75.

14  Defendants also point out that, even if plaintiff were transferred, it would not cause irreparable

15  harm, as plaintiff could seek modification of the scheduling order if a transfer interfered with his

16  ability to comply with the discovery deadlines. For these reasons, the motion must be denied.

17          The court also notes that prisoners have no Fourteenth Amendment liberty interest in

18  avoiding being transferred to another prison (or being housed in a particular institution). *See*

19  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976);

20  *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no

21  justifiable expectation" that they will be incarcerated in any particular prison, and transferring an

22  inmate to another prison does not infringe a protected liberty interest. *Olim*, 461 U.S. at 245;

23  *Vitek v. Jones*, 445 U.S. 480, 489 (1980); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.

24  1985) (due process protections generally do not apply when prison officials change an inmate's

25  place of confinement, "even though the degree of confinement may be different and prison life

26  may be more disagreeable in one institution than in another").

27          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 63)

28  is denied.

1    Further, IT IS HEREBY RECOMMENDED that plaintiff's motions for a preliminary

2    injunction (ECF No. 73) be denied.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   DATED:  May 7, 2015.

11

12                                   EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4